IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Kyle Arledge,<br><br>*On behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Domino's Pizza, Inc., et al.,<br><br>Defendants. | Case No. 3:16-cv-386-WHR<br><br>Judge Walter H. Rice |

SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Plaintiff Kyle Arledge, individually and on behalf of all similarly-situated individuals identified in Section 1(B) below ("Plaintiff"), and, on the other hand, Defendants Domino's Pizza, Inc. and Domino's Pizza LLC ("Domino's Defendants"), and TJK-ELS, Inc., TJK-ELS West End, Inc., Christopher Koehler, and Edward Schlater, Jr. ("Franchisee Defendants") (all together collectively "Defendants"). Defendants and Plaintiff will be collectively referred to as the "Parties."

The Parties agree as follows:

1. **Purpose and Background**

   A. On September 8, 2016, Plaintiff initiated the lawsuit *Arledge v. Domino's Pizza, Inc., et al.* (the "Lawsuit"), currently pending in the United States District Court, Southern District of Ohio (Western Division) (the "Court"), case number 3:16-cv-386-WHR.

   B. The Parties seek to resolve all claims raised in the Lawsuit. For purposes of this Agreement, the Parties have agreed to the following settlement class:

   All current and former delivery drivers employed from September 8, 2013 until November 30, 2017 at the Dayton Regional Stores owned, operated, and/or controlled by the Franchisee Defendants. These individuals are collectively referred to as "the Class" and individually as "Class Members."

1

"Dayton Regional Stores" includes the following locations:
1. Store No. 2291, 1450 Kuntz Rd., Dayton, OH 45404
2. Store No. 2350, 531 Wilmington Ave., Dayton OH 45420
3. Store No. 2351, 5391 N. Dixie Dr., Dayton, OH 45414
4. Store No. 2352, 6583 Brandt Pike, Huber Heights, OH 45424
5. Store No. 2353, 1219 E Central Ave., Miamisburg, OH 45342
6. Store No. 2354, 1240 Spinning Rd., Dayton, OH 45432
7. Store No. 2355, 5293 Cornerstone N. Blvd., Centerville, OH 45440
8. Store No. 2356, 5099 Springboro Pike, Moraine, OH 45439
9. Store No. 2357, 3512 W. Siebenthaler Ave., Dayton OH 45406
10. Store No. 2359, 26 E. National Rd., Vandalia, OH 45377
11. Store No. 2360, 1258 Kauffman Ave., Fairborn, OH 45324
12. Store No. 2361, 3320 Dayton-Xenia Rd., Beavercreek, OH 45432
13. Store No. 2362, 17 N. Allison Ave., Xenia, OH 45385
14. Store No. 2363, 2 N. Smithville Rd., Dayton, OH 45403
15. Store No. 2364, 885 E. Franklin St., Centerville, OH 45459
16. Store No. 2365, 590 S. Main St., Englewood, OH 45322
17. Store No. 2366, 1800 N. Main St., Dayton, OH 45405
18. Store No. 2367, 4399 W. 3rd St., Dayton, OH 45417
19. Store No. 2368, 2533 Wilmington Pike, Dayton, OH 45419
20. Store No. 2550, 401 W. National Rd., Richmond, IN 47374

The "Class Period" is from September 8, 2013 until November 30, 2017.

C. The purpose of this Agreement is to conclusively and finally resolve all of Plaintiff's and Class Members' claims against Defendants that were raised as part of the Lawsuit and occurred during the Class Period.

D. In entering into this Agreement, Defendants do not admit liability for any of the claims raised in the Lawsuit. Nonetheless, without admitting or conceding liability, wrongdoing or damages, Defendants have agreed to settle the Lawsuit, on the terms and conditions set forth in this Agreement, to avoid the burden, expense and uncertainty of continuing the litigation. By entering into this settlement, the Domino's Defendants do not admit to being joint employers of the Class Members.

E. The Parties agree and understand that this Agreement is part of a global settlement, and that this Agreement is neither valid nor enforceable unless the Court enters a written Order approving this Agreement. If the Court does not finally approve this Agreement, then this Agreement is null and void.

2. **Opportunity to Negotiate, Consider, and Consult with Counsel**

    A. The terms of this Agreement are the product of lengthy, arms-length negotiations between the Parties. The negotiations included an all-day private mediation with John R. Phillips, Esquire, in Columbus, Ohio, commencing on September 12, 2017 and substantial settlement negotiations after the mediation.

    B. The Parties agree that the consideration given to support the obligations under this Agreement is adequate and sufficient in all respects and that the Parties have not received or been made any promise, inducement, or concession not set forth in this Agreement in support of the obligations imposed.

    C. The Parties acknowledge that they have been represented by counsel throughout the negotiation of this Agreement and the Lawsuit.

    D. Prior to the negotiation, the Franchisee Defendants provided to Plaintiff a sampling of data from which the parties negotiated this Agreement. As a condition of this Agreement, within 30 days of the Court's preliminary approval of this Agreement, the Franchisee Defendants will provide to Class Counsel a second sampling of data to confirm the calculations upon which this Agreement rests. For this second sampling, Class Counsel may request an additional eight weeks of data for each location. Class counsel will choose the eight weeks from within the date range of January 1, 2015 to November 30, 2017. The Franchisee Defendants will provide that data, and will work cooperatively to provide such supporting records as Class Counsel may reasonably require, either at that time or at a later time. Plaintiffs, at their option, may declare this Agreement null and void in the event that the records reveal either (1) an average class-wide actual reimbursement rate that is equal to or less than $.27 or (2) a total under-reimbursement amount over the Class Period that is more than $1,810,600.

3. **Settlement and Disbursement**

    A. The potential gross settlement value to Plaintiff and Class Members will not exceed $850,000 (the "Settlement Fund"). The Settlement Fund accounts for all payments and claims raised in the Lawsuit by Plaintiff and Class Members up to and including the end of the Class Period.

    B. The Settlement Fund is the maximum amount of money that Franchisee Defendants could be required to pay to Plaintiff and Class Members even if 100% of Class Members make claims under this Agreement. In the event that Class Members claim more than the Settlement Fund, each Class Member will receive a pro rata portion of the Settlement Fund based on the amount the Class Member would be entitled to under 3(C).

C. Each Class Member who submits a Claim Form and Release ("Claim Form") (an example of which is attached hereto as Exhibit 1) will be entitled to receive $.30 per mile driven during the Class Period, as calculated in 3(D) below.

D. The intent of this payment is to reimburse Class Members at $.15 per mile driven plus an equal amount in other damages allowable under the FLSA and Ohio law. Thus, 50% of the payment is expense reimbursement and 50% is additional damages. The Franchisee Defendants' agreement to make this payment does not constitute an admission by them that the reimbursement amount calculated as part of this settlement is legally mandated. Rather, the Franchisee Defendants' position is that at all times they have paid a legally adequate reimbursement to the Class Members and other drivers.

E. The payment to Class Members is intended to consist of equal parts expense reimbursement and other, non-wage liquidated damages or penalties. A Form 1099 will issue to Class Members for the other damages component of the settlement payment. The Parties are responsible for ensuring their own proper tax treatment of the payments.

F. Franchisee Defendants will, from the Settlement Fund, pay to Plaintiff Arledge $10,000 as a service and incentive award, subject to Court approval. This amount will come from the Settlement and will count toward the maximum amount of the Settlement. The service award will be payable by a separate check and will be considered as Form 1099 income. In the event that the entire Settlement Fund is claimed under Section 3(B), then this service payment will be deducted and paid to Arledge first. The remainder of the Settlement Fund will then be divided on the pro rata basis described in Section 3(B).

G. At the time of disbursement under this Agreement, Franchisee Defendants will send checks to each Class Member at the address listed on their Claim Form unless the Class Member provides an updated or alternate address.

H. This is a claims-made settlement from a common fund for payment to those Class Members who submit a Claim Form in accordance with the provisions of this Agreement. Any portion of the Settlement Fund allocated for a Class Member that is not claimed will be retained by Franchisee Defendants. Any amount of attorneys' fees, costs, and administrative fees not authorized by the Court will be retained by Franchisee Defendants.

4. **Attorney's Fees and Expenses**

A. Defendants agree not to object to an attorneys fee award equal to or less than $250,000. Franchisee Defendants will pay any attorney's fee award separately from and in addition to the Settlement so that the amounts going to Class Members will not be reduced by any fee award.

- B. In addition to the fees above, the Franchisee Defendants agree to pay reasonable expenses, including the reasonable costs of a third-party administrator, should Class Counsel elect to use one, subject to a right of review on the part of the Franchisee Defendants for reasonableness.

- C. This Agreement is not contingent on the Court approving the amount of attorneys' fees and expenses noted above. In the event that the Court does not approve the above amount of attorneys' fees and expenses or reduces that amount, the finding will not be a basis for rendering any unrelated section of the Agreement null, void, or unenforceable. Class Counsel retain their right to appeal any decision by the Court regarding the attorneys' fees and expenses and such appeal will not be deemed an appeal of this Agreement or the Settlement. The merits and substance of the Settlement will be approved by the Court separately and independently of the Court's decisions regarding Class Counsel's application for attorneys' fees and expenses.

5. **Release**

    - A. All Class Members who file a Claim Form will be bound by the following release:

      I hereby release and discharge Defendants and their insurers, agents, servants, parents, subsidiaries, affiliates, divisions, members, trustees, partners, officers, directors, employees, attorneys, successors, predecessors, administrators, and employee benefit plans, both individually and in their business capacities, from any and all claims, demands, rights, liabilities, and causes of action, whether known or unknown, that were asserted in the Lawsuit regarding tip credit notice and the reimbursement of delivery expenses, or that could have been asserted in the Lawsuit based upon the same factual allegations concerning under-reimbursement of expenses and tip credit notice.

    - B. All Class Members who wish to receive funds from the Settlement under this Agreement must execute the Claim Form attached as Exhibit 1. Also, as part of the Claim Form, each Class Member submits to the jurisdiction of the United States District Court, Southern District of Ohio for purposes of this litigation and enforcement of this Agreement.

    - C. Plaintiff Arledge will agree to a separate, global release of claims. This release will be reflected in a separate agreement, to be filed with the Court along with this Agreement.

6. **Administration of Settlement**

    - A. The Settlement contemplated by this Agreement will be administered in accordance with the deadlines established in this Agreement, and the following timetable, subject to the Court's approval:

i. Within 30 days after the Court's preliminary approval of the Settlement, the Franchisee Defendants will provide Class Counsel with a final and consolidated list of all Class Members and their last known addresses, email addresses, and phone numbers.

ii. Within 30 days after receiving the above list of Class Members, Class Counsel will transmit by first-class U.S. Mail and email to each Class Member a Notice of Settlement, in the form attached as Exhibit 1, a Claim Form, and a self-addressed, stamped envelope to return the Claim Form. The email will contain a link that will allow Class Members to electronically sign the Claim Form. The date these items are sent via regular mail and email is the "Mailing Date."

iii. If any mailing is returned with a forwarding address for any Class Member or if a Class Member notifies Class Counsel of an alternative address, Class Counsel will transmit by first-class U.S. Mail, or any other method that the Class Member and Class Counsel agrees to, a second mailing consisting of a Notice of Settlement, a Claim Form, and a self-addressed, stamped envelope to return the Claim Form, or, in the case of an email mailing, the same email and link described above.

iv. If any mailing is returned as undeliverable, then Class Counsel can take reasonable steps to ascertain an updated address for the Class Member. Reasonable steps include running the Class Member's name and address through the National Change of Address Database and/or having a third party claims administrator call to ask for an updated address. If an updated address is obtained, then Class Counsel will transmit by first-class U.S. Mail or email, a second mailing consisting of a Notice of Settlement, a Claim Form, and a self-addressed, stamped envelope to return the Claim Form.

v. 90 days after the Mailing Date will be the deadline for postmarking or otherwise submitting the Claim Forms. Claim Forms must be postmarked or otherwise delivered to Class Counsel within 90 days of the Mailing Date. The deadline for submitting Claim Forms for any Class Member who receives a second mailing is the later of 30 days from the date that the second mailing is postmarked/sent or 90 days after the original mailing date. The time between the mailing date and the claims deadline is the "Settlement Period."

vi. The Claim Form linked from the emailed notice will request additional information including phone number, address, and either a social security number or store location.

vii. Within 30 days after the conclusion of the Settlement Period, Class Counsel will provide a report to Defendants' counsel (a) identifying all Class Members who have submitted valid Claim Forms, (b) identifying all Class Members whose

6

    mailings were returned as undeliverable and the results of any second mailings, and (c) identifying all Class Members who opted-out.

 viii. Within 30 days of receiving the report noted above, the Franchisee Defendants will transmit to Class Counsel the records sufficient to calculate the amount due to each Class Member under this Agreement.

 ix. Within 30 days of the Court's final approval of this Agreement and the Settlement Fund, the Franchisee Defendants will transmit payments to Class Members who submitted Claim Forms. This payment will be the "expense reimbursement" portion of the Settlement Fund, described in Section 3(D).

 x. Within one year of the payment noted above, the Franchisee Defendants will transmit a second payment to Class Members who submitted Claim Forms. This payment will be the "damages" portion of the Settlement Fund, described in Section 3(D).

 xi. Within 30 days of the Court's final approval of this Agreement, Defendants will transmit payment to Class Counsel for 50% of the attorney's fees and expenses approved and awarded by the Court.

 xii. Within one year of the payment noted above, the Franchisee Defendants will transmit a second payment to Class Counsel for the remaining 50% of the attorney's fees approved and awarded by the Court.

B. Class Members who wish to object to this Agreement must file a written objection with the Court and serve copies of the filing on Class Counsel and Defendants' counsel no later than 90 days from the initial mailing date of the Notice. Objections will be deemed timely returned if they are postmarked on or before the 90th day after the initial mailing of the Notice. The time to submit an objection will not be increased for returned mailings. The objection will include the objecting party's full name, address and telephone number. The objection will state the objection to the settlement, the basis for the objection, and all documents that support the objection. Class Members who fail to make objections in the manner specified above will be deemed to have waived their ability to object to the Agreement and, therefore, will be foreclosed from making any objection (whether by subsequent objection, intervention, appeal, or otherwise) to the Agreement. Class Members who have not filed and served timely written objections may not speak at the Final Approval Hearing. If Class Counsel receives objections, Class Counsel will provide Defendants' counsel with notice of any such objections received.

C. Neither Defendants nor their legal counsel will initiate contact with any of the Class Members regarding the terms of this Settlement and/or a Class Member's participation in the Settlement. If any inquiry by a Class Member is directed at Defendants or their legal counsel, Defendants and/or their legal counsel will (1) tell the class member that

      they are not permitted to discuss the settlement with the class member and (2) direct the class member to the contact information for Class Counsel set forth in the Claims Form.

   D. Class Counsel agrees not to publicize this Agreement or to communicate that the case has settled on Class Counsels' website and/or social media platforms during the pendency of the Settlement Period. Neither Class Counsel nor Plaintiff Arledge shall contact any Class Member for the purpose of encouraging or promoting the making of any claims under the settlement.

**7. Dismissal of Lawsuit with Prejudice**

   A. Upon the conclusion of the Court's final approval of the Settlement and the settlement procedure outlined herein, the Parties stipulate that the Lawsuit will be dismissed with prejudice.

**8. Other Terms**

   A. By entering into this Agreement, Defendants in no way admit to any violation of law or any liability whatsoever to Plaintiff Arledge or to the Class, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action treatment, other than for purposes of settlement. By entering into this settlement, the Domino's Defendants do not admit to being joint employers of the Class Members and expressly deny being a joint employer.

   B. No modifications or amendments to any of this Agreement's terms, conditions, or provisions may be made except by written agreement executed by all Parties. Any material changes will be subject to approval by the Court presiding over the Lawsuit.

   C. This Agreement is written jointly by the Parties and may not be construed against any one party as the drafter. If any provision(s) of this Agreement are held to be illegal, invalid, or unenforceable under present or future laws, any such provision(s) will be curtailed and limited only to the extent necessary to bring it within the requirements of the law. In that event, the remainder of this Agreement will thereafter be construed and enforced as if the illegal, invalid, or unenforceable provision(s) had never comprised a part of the Agreement. The remaining provision(s) of the Agreement will continue in full force and effect and will not be affected by any illegal, invalid, or unenforceable provision(s) or by their severance.

   D. The waiver by any party hereto of a breach of any provision of this Agreement will not operate or be construed as a waiver of any subsequent breach of any party, nor will any waiver operate or be construed as a rescission of this Agreement. No breach of this Agreement will permit the non-breaching party to repudiate the Agreement or refuse or fail to perform any obligations required hereunder.

E. Ohio law governs this Agreement's validity, construction, and enforceability. This Court shall retain jurisdiction to enforce the terms of this Agreement.

F. This Agreement may be executed by facsimile and in multiple counterparts, each of which will be deemed an original, but all of which together constitute one instrument.

G. The Parties agree to promptly take all actions reasonably necessary to effectuate this Agreement, including but not limited to motions to the Court for approval of the Agreement and continuance of any intervening deadlines contrary to those contemplated by the Agreement.

H. If any deadline under the Agreement falls on a Saturday, Sunday, or legal holiday, the Parties agree that the deadline will be deemed to be the next business day.

The undersigned hereby acknowledge and agree to all of the terms, conditions, and provisions of the above settlement agreement.

_____                    _____
Kyle Arledge,                                              Date
Individually and as Class Representative for Plaintiffs


_____                    _____
On behalf of                                               Date
Domino's Pizza, Inc.


_____                    _____
On behalf of                                               Date
Domino's Pizza, Inc.


_____                    _____
On behalf of                                               Date
Domino's Pizza, LLC


_____                    _____
On behalf of                                               Date
TJK-ELS, Inc.


_____                    _____
On behalf of                                               Date
TJK-ELS West End, Inc.


_____                    _____
Christopher Koehler, on behalf of himself                  Date

_____          _____
Edward Schlater, Jr., on behalf of himself			Date