# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

| | |
|---|---|
| Kyle Arledge, *On behalf of himself and those similarly situated*, Plaintiff, v. Domino's Pizza, Inc., et al., Defendants. | Case No. 3:16-cv-386-WHR  Judge Walter H. Rice |

---

### DECLARATION OF ANDREW KIMBLE

---

I, Andrew Kimble, declare as follows:

1. I am an attorney at Markovits, Stock & DeMarco, LLC ("MSD"). I make this declaration in support of Plaintiff's Motion for Final Settlement Approval. I am familiar with the facts set forth herein, and, if called upon to do so, I could competently testify to them.

2. We brought this action on behalf of Kyle Arledge, who was a pizza delivery driver at Defendants' Domino's franchise. Mr. Arledge sought unpaid overtime wages from her employer.

3. In the course of this lawsuit, our team has investigated and drafted the complaint, drafted discovery requests, drafted a motion to conditionally certify an FLSA collective action, drafted substantial position letters, settlement letters, and discovery

letters, sent notice of the settlement, and conducted damages calculations. We also considered substantial data and engaged in substantial argument and negotiation with respect to the claims and defenses in this case. During the course of the notice period, we also responded to numerous inquiries from class members regarding various aspects of the case and settlement.

4. This case required us to closely examine large samples of Defendants' delivery-related records. Our team analyzed substantial data provided by Defendants in advance of mediation, including conducting a google maps "route" of a substantial number of deliveries based on addresses provided by Defendants to create an accurate estimate of the number of miles driven by Defendants' delivery drivers while completing deliveries. After the settlement and during the notice period, we analyzed another set of data provided by Defendants to cross-reference the data on which the settlement was based. We used support staff to complete much of this data analysis.

5. Based on MSD's records and my records prior to joining MSD as an attorney at Kimble Law, LLC, we have the following time, rates, and expenses in this case:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Andrew Kimble | 122.7 | $325 | $39,877.50 |
| Andrew Biller | 67.8 | $400 | $27,120 |
| Eric Kmetz | 21.8 | $250 | $5,450 |
| Phil Krzeski | .5 | $250 | $125 |
| Paralegal Support | 163.95 | $150 | $24,592.50 |
| TOTAL | 376.75 | | $97,165 |

2

The above amounts do not reflect the time we will spend calculating the final awards to class members, preparing for and attending the final fairness hearing, and follow-up work on the case (like addressing class members' questions).

6.  My firm took on this case on a contingency basis. We have not yet been paid any fees or been reimbursed any expenses for prosecuting this lawsuit.

7.  I believe that the result achieved in this case is, at a minimum, a fair, reasonable, and adequate settlement. In fact, I believe that the result obtained in this case is very good.

8.  In the course of this lawsuit, we have incurred $8,476.53 in unreimbursed expenses. These expenses include:

| Date | Amount | Explanation |
|---|---|---|
| 10/12/2016 | $400.00 | Filing Fee |
| 7/13/2017 | $500 | Sample Expert's Report |
| 1/16/2018 | $2,899.24 | Mediation and Related Costs |
| 3/2018 | $4,582.05 | Postage and materials for sending notice |
|  | $45.05 | Copies and other expenses |
|  | $50.19 | Legal Research – Westlaw and Pacer |
| **TOTAL** | **$8,476.53** |  |

9.  The hourly rates listed above for the members of our firm are our normal and customary hourly rates.

10. I am a 2011 graduate of Benjamin N. Cardozo School of Law. I am licensed to practice in Ohio and New York, the Northern and Southern Districts of Ohio, the Eastern and Southern Districts of New York, and the Sixth Circuit Court of Appeals.

11. Since being admitted to the Bar of the State of New York in 2012, I have focused my practice exclusively on employment litigation on behalf of employees, and wage

3

and hour litigation in particular. Currently, almost 100% of my cases are wage and hour cases.

12. I currently serve as co-lead counsel on a number of FLSA class and collective actions in Ohio and throughout the country. In 2015, I filed the first "pizza delivery under-reimbursement" FLSA class action filed in Ohio. *Schnaudt, et al v. JohnCol, Inc., et al*, 2:2015-cv-2619 (S.D. Ohio). In addition to *Schnaudt*, I am co-lead counsel or co-counsel for pizza delivery drivers in cases in Ohio. *See, e.g., Brandenburg v. Cousin Vinny's Pizza, LLC*, 3:16-cv-516 (S.D. Ohio); *Mullins v. Southern Ohio Pizza, Inc.*, 1:17-cv-426 (S.D. Ohio); *Hatmaker v. Papa John's Ohio, LLC*, 3:17-cv-146 (S.D. Ohio); *Thomas v. It's Only Downtown Pizza, Inc.*, No. 1:17-cv-411 (S.D. Ohio); *Hassan, et al v. America's Pizza Company, LLC, et al*, 2:2016-cv-418 (S.D. Ohio); *Hassan v. Donatos Pizzeria, LLC*, 2:16-cv-581 (S.D. Ohio); Clark v. Pizza Baker Inc., 2:18-cv-157 (S.D. Ohio); *Jefferis v. Hallrich*, 1:18-cv-687 (S.D. Ohio); *Arp v. Hohla & Wys Enterprises*, 3:18-cv-119 (S.D. Ohio); *Lee v. Cassano's*, 3:18-cv-83 (S.D. Ohio); *Casteel v. Antonio's Pizza, Inc.*, 1:18-cv-1277 (N.D. Ohio); *Call v. CTA Pizza*, 2:18-cv-696 (S.D. Ohio). I am also co-lead counsel in 16 pizza delivery driver class or collective actions filed in federal courts outside the state of Ohio.

13. In February and March of 2016, I served as lead counsel in a 7-day jury trial in Lake County, Ohio involving unpaid wages and Ohio law retaliation claims, after which the jury awarded my client damages amounting to over $300,000 in unpaid minimum wages, overtime wages, and retaliation damages. *Laboda v. Gotta Dance Ohio!, LLC*, 14-cv-604 (Lake County, Ohio)

4

14. In 2013, I successfully argued that summary judgment for the defendants on the issue of FLSA "willfulness" was not appropriate in an assistant manager misclassification case where the defendant had not sought and received affirmative legal advice from their inside or outside counsel on the issue, and instead left the issue to be decided by their Human Resources Director. *Trimmer v. Barnes & Noble, Inc., et al*, 1:2013-cv-579 (S.D.N.Y.).

15. In 2017, I obtained summary judgment on behalf of four restaurant employees at Los Arrieros Mexican Restaurant in Bucyrus, Ohio for a total of $754,148.07. In that case, I successfully argued that an employer's failure to *actually pay* tip credit minimum wage (which is currently $4.15 per hour in Ohio) meant that they were not permitted to take a tip credit from their employees' wages retroactively, even if there had been no "tip pool violation." This was, as far as I am aware, an issue of first impression in Ohio. *Ornelas, et al v. Los Arrieros, LLC*, 1:2015-cv-1361 (N.D. Ohio).

16. In 2012 and 2013, I was part of the trial team that obtained a $4 million jury verdict on behalf of two victims of race discrimination who worked at an industrial construction facility in east Texas. *Taylor v. Turner Industries Group LLC et al*, 2:11-cv-57 (E.D. Tex).

17. I have represented non-pizza restaurant employees in a variety of contexts. I have been co-lead counsel or co-counsel on a number of other restaurant-style FLSA class and collective actions in Ohio, New York, Virginia, and South Carolina. *See, e.g., Gagliastre v. Captain George's Seafood Restaurants*, No. 2:17-cv-379 (E.D. Va.); *Carrillo v. Paige Hospitality Group, et al,* 1:2013-cv-4009 (S.D.N.Y.); *Monzon v. 103W77 Partners LLC,*

5

1:2013-cv-5951 (S.D.N.Y.); *Flynn, et al v. New York Dolls Gentlemen's Club*, 1:2013-cv-6530 (S.D.N.Y.); *Galvez, et al, v. 103W77 Partners LLC,* 1:2014-cv-530 (S.D.N.Y.); *Whalen v. Degroff Industries, Inc.*, 1:17-cv-2092 (N.D. Ohio); *Nazih v. Café Istanbul of Columbus, LLC*, 2:17-cv-947 (S.D. Ohio); *Williamson v. South Shor, Inc.*, 4:17-cv-3026 (D.S.C.); *Hogan v. Cleveland Ave. Restaurant, Inc.*, 2:15-cv-2883 (S.D. Ohio); *Solarek v. Wendcentral Corp., et al*, 3:16-cv-2116 (N.D. Ohio); *Chhab v. Darden Restaurants, Inc. et al*, 1:2011-cv-8345 (S.D.N.Y.); *Kudo v. Panda Restaurant Group, et al*, 7:2009-cv-712 (S.D.N.Y.); *Zego v. Meridien-Henderson, LLC, et al*, 2:2015-cv-3098 (S.D. Ohio); *Hernandez v. Energy Kitchen, Inc.*, 1:2013-cv-6978 (S.D.N.Y.).

18. I have also served as co-counsel or co-lead counsel on behalf of a number of home health care workers advancing claims for unpaid overtime based on new DOL regulations put into place on January 1, 2015. *Dillow v. Home Care Network, Inc.*, 1:16-cv-612 (S.D. Ohio); *Spurlock v. Total Homecare Solutions, LLC*, 1:17-cv-168 (S.D. Ohio); *Lee v. Caregivers for Independence*, 1:16-cv-946 (S.D. Ohio); *Englemon v. Ohio First Healthcare, Inc.*, 1:16-cv-1158 (S.D. Ohio).

19. I have also represented a number of employees in various other industries who have been denied overtime, misclassified as independent contractors, and/or just denied proper wages by their employer. *Viciedo v. Digitek Computer Products, Inc.*, 2:2015-cv-3073 (S.D. Ohio); *Vazquez v. Tulcingo Deli III Corp., et al*, 1:2013-cv-3488 (E.D.N.Y.); *Sanchez v. Nature's Grill LLC, et al.*, 1:13-cv-04851 (E.D.N.Y.); *Chino, et al. v. Met-Sunnyside, Inc., et al,* 1:2103-cv-01728 (E.D.N.Y.); *Santiago v. Jesadan Meat Corp.*, 1:2013-

6

Case: 3:16-cv-00386-WHR Doc #: 39-2 Filed: 10/01/18 Page: 8 of 8  PAGEID #: 1925

cv-5408 (E.D.N.Y.); *Brown v. Haya, LLC*, 3:16-cv-507 (S.D. Ohio); *Parks v. Central USA Wireless, LLC*, 1:17-cv-448 (S.D. Ohio).

20. In addition to representing workers in the litigation cited above, I have advised hundreds of employees on their employment rights relating to discrimination, harassment, retaliation, whistle-blowing, minimum wage and overtime violations, entitlement to break time, privacy concerns, arbitration, non-competition clauses and confidentiality agreements, and more.

21. Before I graduated from law school, I already had experience in employment law. For a year during law school, I served as Fellow at the Equal Employment Opportunity Commission's New York City Office, where I helped to mediate dozens of employment law disputes. Also during law school, I worked as a legal intern in the in-house Employment Law and Benefits Group at Sanofi Aventis U.S. in Bridgewater, New Jersey, where I helped a multinational corporation navigate the various employment laws that applied to their workforce.

22. I am a member of the Ohio Employment Lawyers Association.

\*     \*     \*

I hereby declare, under the penalties of perjury, that the facts stated in this declaration are personally known to me, and that they are true.

Dated: October 1, 2018            /s/ Andrew Kimble
                                  Andrew Kimble

7